IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR374 |
| v. | |
| CORITA YVONNE BURNETT, | MEMORANDUM AND ORDER |
| Defendant. | |

On or about November 22, 2017, an armed man wearing a black ski mask robbed the Security Home Bank in Malmo, Nebraska, at gun point. On January 18, 2019, defendant Corita Yvonne Burnett ("Burnett") pled guilty, pursuant to a written plea agreement, to possessing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2, on the theory that she aided and abetted that robbery. In line with the plea agreement, the Court sentenced Burnett to the statutory mandatory minimum of 60 months in prison, followed by three years of supervised release.

The Court allowed Burnett to self-surrender to the Bureau of Prisons ("BOP") and on her motion (Filing No. 170), extended her self-surrender date by more than six months to facilitate her treatment and recovery following a car accident. Burnett voluntarily surrendered as scheduled to FCI Waseca on December 3, 2019. She has a projected release date of March 24, 2024.

Before the Court is Burnett's Motion for Reduction of Sentence (Filing No. 182) pursuant to 18 U.S.C. § 3582(c)(1)(A), which, in pertinent part, permits Burnett to move the Court to reduce her sentence for "extraordinary and compelling reasons" thirty days after she has asked the warden at FCI Waseca to file such a motion on her behalf. *Id.* § 3582(c)(1)(A)(i). Burnett asks the Court to reduce her sentence to "time served."

The government concedes the requisite thirty days have passed but maintains (Filing No. 187) Burnett has failed to show "compassionate release is warranted." Citing the

warden's response to Burnett's request for relief (Filing No. 182-1), the government notes the warden advised Burnett that the medications she was taking for diabetes and high cholesterol "were stopped in January 2020 on the basis the conditions were resolved."

In reviewing Burnett's request for a reduced sentence, the Court must consider the relevant sentencing factors, *see* 18 U.S.C. § 3553(a), including the nature and circumstances of her offense; her history and characteristics; and the need for her sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. Burnett's sentence should also deter criminal conduct, protect the public from future crime, and promote rehabilitation. *Id.*

The Court also considers whether Burnett presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13,[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § B1.13 cmt. n.1. A defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020).

Based on these factors, Burnett gives two main reasons to reduce her sentence. First, Burnett contends her underlying medical conditions, which include Type 2 diabetes, high

---

[1]This policy statement predates the First Step Act and does not control the Court's analysis of Burnett's request for compassionate release. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020). The Court nonetheless finds it instructive. *Id.*

cholesterol, heart arrythmia, sleep apnea, morbid obesity, and fibromyalgia, expose her to an increased risk of serious illness or death as a result of COVID-19. Burnett reports that prison officials have not "provide[d] insulin consistently enough to manage her condition despite repeated high blood sugar tests." Burnett prefers her odds on the outside.

Second, Burnett argues changes to her family situation warrant reducing her sentence. More specifically, Burnett says her sons and grandchildren have health conditions that place them at a greater risk from COVID-19. Burnett avers she will provide needed support to her family if released from jail.

Burnett also emphasizes that she has taken steps to rehabilitate herself in prison and "submits that she is not a danger to the safety of others." As Burnett sees it, her 60-month sentence may have been reasonable when imposed, but "new and extenuating circumstances make continued imprisonment unnecessarily hazardous and severe."

The parties do not discuss whether § 3582(c)(1)(A)(i) authorizes the Court to reduce Burnett's sentence below the statutory mandatory-minimum sentence she received. The Court has some doubt. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam) ("[A]part from two exceptions that do not come into play here—18 U.S.C. § 3553(e) and (f)—a district court can never impose a sentence below the statutory minimum."), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015); *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums.") (citing *Kimbrough v. United States*, 552 U.S. 85, 103-04 (2007)); *United States v. Jauregui*, No. 10-CR-0272(4) PJS, 2015 WL 4744463, at *1 (D. Minn. Aug. 11, 2015), *aff'd*, 637 F. App'x 244 (8th Cir. 2016) ("Statutory mandatory minimums are, by definition, mandatory; courts do not have authority to sentence below them (with a couple of narrow exceptions).") (footnote omitted). *But see United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *12 (W.D. Pa. May 29, 2020) (opining that a judge

deciding a compassionate-release motion can reduce a sentence below the mandatory minimum, "even if the original sentencing judge could not").

But even if § 3582(c)(1)(A) were to authorize the Court to reduce Burnett's sentence below the mandatory minimum, the Court would not grant a reduction at this time. Burnett has some documented medical issues that place her at a higher risk from exposure to COVID-19, and the Court takes her concerns very seriously. But the Court is not persuaded Burnett's present situation justifies her release.

A report from a U.S. Probation and Pretrial Services Officer indicates Burnett's "diabetes is controlled with the medications she is prescribed." And, as the government points out, the BOP has also taken significant steps to prevent the spread of the virus and to protect the prisoners in its charge. The record indicates that as of August 7, 2020, FCI Waseca has no positive COVID-19 tests in the inmate population and only two positive staff tests. Four inmates recovered from previous positive tests.

The Court credits Burnett's efforts at post-conviction rehabilitation but also accounted for some of those efforts in accepting her plea agreement and imposing her sentence—a mandatory minimum sentence imposed for a serious crime involving a gun. To date, Burnett, who is 46 years old, has served approximately nine months of her 60-month sentence.

Burnett contends her sentence may have been reasonable just a few months ago but is no longer reasonable considering COVID-19. The Court disagrees. Having carefully reviewed the parties' submissions and the balance of the record in this case, the Court finds Burnett has not shown "extraordinary and compelling reasons" to reduce her sentence, even if it could. *Id.* § 3582(c)(1)(A)(i). As such, her motion to reduce her sentence (Filing No. 182) is denied.

IT IS SO ORDERED.

Dated this 26th day of August 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge