IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR374 |
| v. | |
| CORITA YVONNE BURNETT, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court for initial review of defendant Corita Yvonne Burnett's ("Burnett") pro se Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 212). That review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* 28 U.S.C. § 2255, Rule 4(b). Under that rule, the Court must dismiss Burnett's motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [she] is not entitled to relief." Such is the case here.

    Burnett's claim is straightforward. She argues her conviction for "aiding and abetting the possession of a firearm during and in relation to a crime of violence," in violation of 18 U.S.C. §§ 924(c) and 2, "cannot stand, because it is not supported by a crime of violence" after the Supreme Court decided *United States v. Taylor*, 596 U.S. ___, ___, 142 S. Ct. 2015, 2020-21 (2022). In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery under 18 U.S.C. § 1951(a) does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See id.*; *Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) ("Aiding and abetting an attempted Hobbs Act robbery does not qualify, because no element of the attempted robbery offense requires that the defendant use, attempt to use, or threaten to use force.").

The problem for Burnett—assuming her claim is timely[1]—is that her guilty plea did not involve an attempted Hobbs Act robbery under § 1951(a). It involved a completed bank robbery under 18 U.S.C. § 2113(a). That predicate offense categorically qualifies as a crime of violence and fully supports Burnett's conviction under § 924(c). *See Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (concluding bank robbery under § 2113 qualifies as a "crime[] of violence under § 924(c)(3)(A)"). Therefore, the holding in *Taylor* does not help Burnett, and her motion must be dismissed.

Burnett cannot appeal the dismissal of her motion without a certificate of appealability from a judge or circuit justice. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This Court will not issue a certificate of appealability in this case because Burnett has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In light of the foregoing,

IT IS ORDERED:
1. Defendant Corita Yvonne Burnett's pro se Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 212) is dismissed.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Judgment to Burnett at her address of record.

---

[1] Burnett asserts her claim is timely under 18 U.S.C. § 2255(f)(3).

Dated this 21st day of November 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge